

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
~~WILLIAM WILSON~~
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-7321

Re: Whether a Tax Assessor-
Collector has the authority
to deliver receipts to auto-
mobile dealers to be issued
by them covering the collect-
ion of the 1% Motor Vehicle
Taxes due on the retail sales
of Motor Vehicles, the license
on the registration of Motor
Vehicles and the fee covering
the cost for making an appli-
cation for the transfer of a
title on a Motor Vehicle.

You have requested the opinion of this department upon the
captioned question. The occasion giving rise to this request is set
forth in your letter as follows:

"It is our understanding that a few of the Tax Assessor-
Collectors in the State are delivering receipts to automobile
dealers to be issued by them covering the collection of the 1%
Motor Vehicle Taxes due on the retail sales of Motor Vehicles,
the license on the registration of Motor Vehicles and the fee
covering the cost for making an application for the transfer of
a title on a Motor Vehicle.

"Along with these receipts the Tax Assessor-Collector
also delivers to the dealer the car license plates that are
given to an automobile owner when he pays the license on his
car. The receipts in question are the official receipts
issued by the Tax Assessor-Collector, therefore the person
who issues them is acting in the capacity of the Tax Assessor-
Collector. The receipts in most instances have the Tax As-
sessor-Collector's name printed thereon, or his name is stamped
thereon with a rubber stamp.

"I do not know whether there is an attempt by the Tax
Assessor-Collector to deputize the car dealer for this pur-

pose or not. At any rate, the receipt books and the tags or licenses are delivered to the dealer and they are carried to his place of business and are held there by him until the sale of the car is made when the tax is collected.

"Does the Tax Assessor-Collector have the authority to follow this practice?"

Article 7047k, (Motor Vehicle Retail Sales Tax) provides that taxes levied thereunder "shall be collected by the Assessor-Collector of Taxes of the County in which any such Motor Vehicle is first registered or first transferred after such sale." (Emphasis supplied). The Act further provides that "at the time the tax herein levied is paid to said Tax Collector, the purchaser shall file with said Tax Collector, the affidavit of such purchaser . . . setting forth the then value in dollars of the total consideration received . . ." It is further provided that the "Tax Collector shall issue a receipt to the person paying the taxes prescribed."

Article 6675a-2 (Registration of Vehicles) provides that "every owner of a Motor Vehicle . . . to be used upon public highways of this State shall apply each year to the State Highway Department through the County Tax Collector of the County in which he resides for the registration of each Vehicle owned or controlled by him for the ensuing or current calendar year." (Emphasis supplied). All through other sections of Article 6675a it is made the duty of the Tax Collector to handle these registrations.

The foregoing clearly demonstrates that the Motor Vehicle Retail Sales Tax collection and the registration of Motor Vehicles are duties of the Assessor-Collector. Each Assessor-Collector of Taxes may appoint deputies to assist in the assessment and collection of taxes. Article 7252 prescribes the requisites attached to such a appointments. An Assessor-Collector does not have the authority to appoint deputies not in accordance with the provisions of the statutes. It follows that if the car dealers mentioned in your request have not been properly deputized, the procedure outlined in your letter is unauthorized.

Conceding that these dealers have not been properly appointed deputies, we call attention that their acts with reference to Motor Vehicle Retail Taxes and Registration of Motor Vehicles ar not invalid. These dealers have in effect been de facto deputies and their acts and deeds as such are binding.

We trust the foregoing answers your inquiry.

Yours very truly
ATTORNEY GENERAL OF TEXAS

ROK:ms:wc
Approved Oct. 3, 1946 s/Grover Sellers
Attorney General of Texas
Approved Opinion Committee by WVG Chairman

By s/ Robert O. Koch
    Robert O. Koch
    Assistant